**UNITED STATES OF AMERICA**
**EASTERN DISTRICT OF WISCONSIN**

---

**SANDRA A. DUNN,**
**Plaintiff,**

**v.** **Case No. 15-cv-0026**

**THE BUILDING TRADES UNITED PENSION TRUST FUND,**
**Defendant.**

---

## DECISION AND ORDER

Pro se plaintiff Sandra Dunn brings this action under the Employee Retirement Income Security Act ("ERISA"), 29 U.S.C. § 1132, against defendant The Building Trades United Pension Trust Fund to recover benefits she believes are due to her under her late husband's disability benefits plan. Before me now is defendant's motion to dismiss based on failure to comply with the contractual limitations period.

### I. Background

Sandra Dunn is the surviving spouse of Patrick Dunn, who was a participant in the Building Trades United Pension Trust Fund. The Fund administers a disability benefits plan which is governed by ERISA. On August 30, 2010, Mr. Dunn applied for disability benefits under the plan, and on the application he checked the "lifetime only" option. When a participant selects this option, disability benefits are only paid out during the lifetime of the participant, in this case Mr. Dunn, and are not paid out after the participant's death to a surviving spouse.[1] The plan requires that when a participant selects the "lifetime only"

---

[1] The "lifetime only" option resulted in Mr. Dunn receiving larger monthly payments while he was alive than he would have had he selected a plan with survivor benefits. *See* Garrity Aff. Ex. B (ECF No. 6).

option, both the participant and his or her spouse must sign a waiver acknowledging that they are giving up the surviving spouse's right to survivor benefits under the plan. Both plaintiff and Mr. Dunn signed the waiver, Mr. Dunn's application for disability benefits was approved, and he began receiving disability benefits in October 2010.

Mr. Dunn continued to receive disability benefits until his death on January 28, 2011. On April 28, 2011, defendant received a letter from plaintiff requesting survivor benefits under the plan. Defendant denied her request, and plaintiff appealed the decision according to the Fund's administrative process. Her appeals were denied, and as of February 6, 2012, she had exhausted her administrative remedies. On January 9, 2015, she filed this complaint in federal court. Plan documents, however, specify that an applicant must commence legal action within two years from the date she initially applied for benefits.

**II. Discussion**

Defendant moves to dismiss plaintiff's claim under Fed. R. Civ. P. 12(b)(6) or alternatively under Fed. R. Civ. P. 56, arguing that plaintiff's claim is precluded by the two-year limitations period set forth in the disability benefits plan. Dismissal under Rule 12(b)(6) for failure to comply with a limitations period is "irregular, for the statute of limitations is an affirmative defense." *Chi. Bldg. Design, P.C. v. Mongolian House, Inc.*, 770 F.3d 610, 613 (7th Cir. 2014) (quotations and citation omitted). Here, defendants introduce supplemental evidence to support their defense, thus the proper standard is summary judgment under Rule 56. *See id.* at 613–14 ("[A] motion to dismiss [under Rule 12(b)(6)] based on failure to comply with the statute of limitations should only be granted where the allegations of the complaint itself set forth everything necessary to satisfy the affirmative defense.") (internal

quotations and citation omitted); *Tregenza v. Great Am. Commc'ns Co.*, 12 F.3d 717, 719 (7th Cir. 1993) (noting that when a defendant supplies additional information in support of a motion to dismiss on statute of limitations grounds, it should be treated as a summary judgment motion).

I must grant defendant's summary judgment motion if the evidence indicates that there is no genuine dispute as to any material fact and defendant is entitled to judgment as a matter of law. Fed. R. Civ. P. 56(a). "Material facts" are those that "might affect the outcome of the suit," and a dispute over material fact is "genuine" if "the evidence is such that a reasonable jury could return a verdict for the nonmoving party." *Anderson v. Liberty Lobby, Inc.*, 477 U.S. 242, 248 (1986).

Generally, the period of time within which a claimant must file a lawsuit is provided by statute, known as a statute of limitations. *Heimeshoff v. Hartford Life & Accident Ins. Co.*, 134 S. Ct. 604, 610 (2013). ERISA, the federal statute that governs this claim, does not specify a limitations period, *id.*, and in this situation I generally apply the most closely analogous state statute of limitations. *Abena v. Metro. Life Ins. Co.*, 544 F.3d 880, 883 (7th Cir. 2008). Plaintiff correctly points out that in this case, that would be Wis. Stat. § 893.43, which specifies a six-year limitations period for breach of contract suits. However, where the parties have contracted for a shorter limitations period, that shorter limitations period is enforceable regardless of state law as long as it is reasonable, and this applies to regular breach of contract actions as well as actions arising under ERISA. *Abena*, 544 F.3d at 883–84; *see also Heimeshoff*, 134 S. Ct. at 611–12 ("The principle that contractual limitations provisions ordinarily should be enforced as written is especially appropriate

when enforcing an ERISA plan.").

In this case, the plan documents contained the following language: "[N]o legal action . . . regarding your application or claim . . . may be commenced later than two years from the date the claim was initially filed." Garrity Aff. Ex. G, K, L (ECF No. 6). Plaintiff filed her initial claim for survivor benefits on April 28, 2011. Garrity Aff. Ex. E (ECF No. 6). Thus, she had until April 28, 2013, to file her complaint. Her complaint in this action was filed January 9, 2015, outside the limitations period, and thus plaintiff has failed to comply with the applicable limitations period.

However, her suit may proceed if the application of the two-year limitations period is unreasonable under the circumstances. *Abena*, 544 F.3d at 884. "Unreasonable" in this context means that the limitations period ended before the claim would have accrued or the length of the administrative appeals process leaves the applicant with an unreasonably short period of time between the final appeal decision and the end of the limitations period. *Id.* Here, the administrative appeals process ended sometime in February 2012 when plaintiff received defendant's final denial of her request for benefits. Thus, plaintiff had almost fourteen months after the completion of her administrative appeal to file suit. This should have been more than enough time to do so, and thus I conclude that the application of the contractual limitations period was reasonable in this case. *See, e.g.*, *id.* (concluding that a period of seven months following the conclusion of the appeals process was sufficient to file suit).

Plaintiff argues that I should not dismiss her complaint because she thought she had six years to file suit under Wisconsin law, she struggled to find an attorney to assist her with her lawsuit, and she was depressed following the deaths of her son and husband. I

may toll the limitations period only when "some extraordinary circumstance prevents [plaintiff] from bringing a timely action." *CTS Corp. v. Waldburger*, 134 S. Ct. 2175, 2183 (2014). Mistake of law is not sufficient to toll a limitations period. *See Williams v. Sims*, 390 F.3d 958, 963 (7th Cir. 2004) (collecting cases). The record indicates that information regarding the contractual limitations period was in the summary plan documents and was also sent to plaintiff with two letters denying her claim for survivor benefits, and thus she should have been aware of it. Garrity Aff. ¶¶ 11, 14. The inability to find an attorney also does not toll the limitations period as plaintiff is not entitled to representation in civil suit. *See Milam v. Nicholson*, Case No. , 2009 WL 159302, at *3 (S.D. W.V. Jan. 20, 2009) ("A pro se litigant's difficulty understanding the law or prosecuting her case is not a proper basis for equitable tolling.") (citing *United States v. Sosa*, 364 F.3d 507, 512 (4th Cir. 2004)); And although I have no doubt plaintiff was going through a difficult time, this is not sufficient to toll the statute of limitations. *See Barnhart v. United States*, 884 F.2d 295, 300 (7th Cir. 1989) (concluding that only mental illness or disability so severe that it "prevent[s] a plaintiff from discovering or understanding the cause of an injury" is sufficient to toll the statute of limitations); *see also Nat'l R.R. Passenger Corp. v. Morgan*, 536 U.S. 101, 114 (2002) (nothing that courts should apply the doctrine of equitable tolling "sparingly" and should not disregard them "out of a vague sympathy for particular litigants") (internal quotations and citation omitted). Thus, because plaintiff has failed to comply with the two-year contractual limitations period and the application of that limitations period to her circumstances was not unreasonable, I will grant summary judgment in favor of defendant.

Defendant also requests that I award it reasonable attorneys' fees, which I may do

under 29 U.S.C. § 1132(g). Although there is a "modest presumption" in favor of awarding fees to the prevailing party, I may deny the request if plaintiff's position was substantially justified and taken in good faith or if special circumstances make an award unjust. *Senese v. Chi. Area I.B. of T. Pension Fund*, 237 F.3d 819, 826 (7th Cir. 2001). Given plaintiff's financial situation, combined with her good faith belief that Wisconsin's six-year statute of limitations applied, I conclude that special circumstances would make an award of attorneys' fees unjust, and I will deny defendant's request.

## III. Conclusion

**THEREFORE, IT IS ORDERED** that defendant's motion to dismiss/motion for summary judgment (ECF No. 4) is **GRANTED**. The Clerk shall enter judgment accordingly.

**IT IS FURTHER ORDERED** that defendant's request for reasonable attorneys' fees is **DENIED**.

Dated at Milwaukee, Wisconsin this 23rd day of November, 2015.

s/ Lynn Adelman
______________________________
LYNN ADELMAN
District Judge